IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Precision Telephone Services, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>John Doe,<br><br>and<br><br>roxi.com,<br><br>    Defendants. | Case No._____ |

Verified Complaint

Comes Now the Plaintiff, Precision Telephone Services, Inc., (hereinafter PTS), by and through his counsel, and files this complaint against John Doe (Defendant Doe) and <roxi.com> (Defendant Domain Name).

I. Nature of The Suit

    1.    This is an action for violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

    2.    The Plaintiff is seeking injunctive and other equitable relief as a result of the actions of the Defendant John Doe who gained unauthorized access to the Plaintiff's email account on a protected computer, and used this access to transfer control of the Defendant

1

Domain Name from the Plaintiff's account and therefore disabled the Plaintiff's ability to use and control his domain name causing irreparable injury to the Plaintiff.

II.  The Parties

3.  The Plaintiff, Precision Telephone Services, Inc. is a Georgia Corporation with headquarters in Atlanta, Georgia 30355.

4.  Upon information and belief John Doe is an individual, although his true identity is unknown as the defendant is using a privacy service to conceal his identity.

5.  The Defendant Domain name is a <.com> domain name for which the Registry, Verisign, Inc., is located at 21355 Ridgetop Circle, Lakeside III, Dulles, Virginia 20166 within this Court's judicial district.

6.  The Plaintiff acquired <roxi.com> on March 7, 1999, has maintained registration of it and, has, since acquisition, used the domain in commerce.

7.  On October 8, 2017 the Plaintiff discovered that Defendant Doe, with an address of Super Privacy Services c/o Dynadot Organization, PO Box 701, San Mateo, California 94401, telephone number 650-585-4708 and an email address of privacy@dynadot.com had at some point hijacked the Plaintiff's email address and used this unauthorized access to the Plaintiff's email account to transfer <roxi.com> to Defendant Doe's control without the Plaintiff's authorization.  (See Exhibit A WHOIS report.)

III.  Jurisdiction and Venue

8.  This actions arises out of Defendant Doe's violation of the Anticybersquating

Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

9. This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has *in rem* jurisdiction over the Defendant Domain name pursuant to 15 U.S.C. § 1125(d)(2)(A) insofar as the registry for the <.com> domain name, Verisign, Inc., is located within this judicial district.

10. Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registry, Verisign, Inc. has its principal place of business in this judicial district. Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2) as the subject of the action resides in this judicial district.

11. Defendant John Doe directed the acts complained of towards the district and utilized instrumentalities in the district in that he gained unauthorized access to the Plaintiff's email system and domain management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained by Verisign, Inc. for the Defendant Domain name to be altered so as to transfer control of the Defendant Domain name away from the Plaintiff.

12. The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

IV. <u>Notice</u>

13. Pursuant to the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of this filing of this complaint is being sent to the Defendant at

the postal addresses and email addresses provided on the current WHOIS records as set forth above, along with a request to waive service pursuant to Federal Rule of Civil Procedures 4(d).

14. The Plaintiff is providing such notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), the Plaintiff will promptly publish notice of this action as the Court may direct after filing of this Complaint.

15. The Plaintiff's claim in the alternative for violation of the Computer Fraud and Abuse Act, and the Court's jurisdiction over the alternative claim, are proper pursuant to 15 U.S.C. § 1125(d)(3) and (4).

16. Joinder of the Defendant Domain name is proper under Federal Rule of Civil Procedure 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts and the questions of law are common as to all claims and Defendants.

V. Factual Background

17. The Plaintiff acquired the Defendant Domain name on March 7, 1999 and has used it in commerce since that date until stolen by Defendant Doe.

18. The Plaintiff is in the business of domain monetization and collects domains names for the purpose of turning internet traffic into monetary gain through the use of click traffic and/or resale.

19. The Defendant Domain name, a four letter <.com> domain name, is extremely valuable and its loss has deprived the Plaintiff of both the income generated by the domain name as well as the ability to sell the domain name. The Defendant Domain name is worth approximately $200,000.

20. The Plaintiff has used the Defendant Domain name in commerce since acquisition and has common law rights in the name.

21. The Plaintiff controls his domain name through an email account, usadomainking@gmail.com.

22. The Plaintiff's email system is maintained on a protected computer system and access to the account should be restricted to only that person with the Plaintiff's username and password.

23. On October 8, 2017 the Plaintiff discovered that his email had been hijacked by Defendant Doe.

24. Defendant Doe used the hijacked control of the Plaintiff's email account to take control of the Defendant Domain name.

25. Defendant Doe used this unauthorized control of the Plaintiff's email account to change the registration record for the Defendant Domain name.

26. Defendant Domain name <roxi.com> was transferred by Defendant Doe away from the Plaintiff's control.

27. Defendant Doe has taken control of the Defendant Domain name with the intent to divert the substantial advertising revenue produced by the web site associated with the Defendant Domain name to himself.

28. Defendant Doe has, upon information and belief, taken control of the Defendant Domain Name with the intent to resell the Defendant Domain name.

29. Defendant Doe's registration and use of the Defendant Domain name is without the Plaintiff's authorization.

30. Defendant Doe has no intellectual property rights in the Defendant Domain name.

31. Defendant Doe, upon information and belief, provided misleading or incomplete contact information in the domain name registration when changing the registration for the Defendant Domain name.

32. Defendant Doe's actions are in violation of these aforementioned rights of Plaintiff.

VI. <u>Causes of Action</u>

Count I
<u>Claim for Declaratory Judgment</u>

33. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff had registered the Defendant Domain name as alleged above and has, since that time, maintained uninterrupted control over the Defendant Domain name until stolen by Defendant Doe.

34. Defendant Doe's actions have taken control of the Defendant Domain name from Plaintiff without authorization or permission.

35. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

Count II
Anticybersquating Consumer Protection Act (ACPA)
<u>15 U.S.C. § 1114(2)(d)</u>

36. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. The Plaintiff has owned the Defendant Domain name for many years, has used it in commerce to

6

generate substantial income and has common law rights in the mark.

37. Defendant Doe's actions constitute registration, trafficking, or use of a domain name that is identical to the Plaintiff's trademark, with bad faith intent to profit therefrom.

38. The Plaintiff, because of Defendant Doe's actions, is being prevented from using and exercising control over the Defendant Domain name.

39. The Plaintiff is being harmed through the loss of income, loss of business and loss of business opportunities unless enjoined.

40. The Plaintiff's business reputation and standing is at risk from posting of improper, illegal, incorrect or otherwise harmful information on the web page associated with his domain name.

41. The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate identity of a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

42. The above described conduct of Defendant Doe, registrant of the Defendant Domain name, constitutes unlawful cybersquating in violation of the Anticybersquating Consumer Protection Act, 15 U.S. C. § 1125(d)(1).

43. The above described conduct by Defendant Doe has caused, and is causing, great and irreparable harm to the Plaintiff and the public, specifically the potential posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with its domain name.  Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S. C. § 1125(d)(2)(D)(I), the Plaintiff is entitled to an order transferring the registration of the Defendant Domain name to the Plaintiff.

## Count III
## Tortuous Interference with Contractual Relationship

44. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. The Plaintiff properly entered into a contract with the registrar for the Defendant Domain name before the Defendant Domain name was stolen.

45. Defendant Doe has unlawfully taken control of the Defendant Domain name, interfering with Plaintiff's lawful contract rights to the Defendant Domain name.

46. As a result of the Defendant's acts, the Plaintiff has been damaged and will continue to be damaged. The Plaintiff requests that this Court declare Defendant liable for its past and any future losses in association with the registration service contract.

## Count IV
## Conversion

47. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff has property rights in the Defendant Domain name.

48. Defendant Doe has taken control of the Defendant Domain name and is wrongfully exercising control and authority over the Defendant Domain name.

49. The control and authority exercised by Defendant Doe deprives the Plaintiff of control and the income and business generated from the Defendant Domain name.

50. Defendant Doe is wrongfully exerting dominion over the Plaintiff's property in denial of his rights.

Count V
Violation of the Computer Fraud and Abuse Act

51. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

52. Defendant Doe knowingly and intentionally accessed the Plaintiff's email system on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. § 1030(a)(2)(c).

53. Defendant Doe knowingly, and with intent to defraud, accessed the Plaintiff's email system on a protected computer without authorization and obtained information from that computer which Defendant Doe used to further a fraud and obtain something of value in violation of 18 U.S.C. § 1030(a)(4).

54. Defendant Doe intentionally accessed the Plaintiff's email system on a protected computer without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(c).

55. The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff during a one-year period aggregating to at least $5,000.

56. As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law and which will continue unless enjoined.

WHEREFORE, The Plaintiff respectfully requests of this court:

I. That judgment be entered in favor of the Plaintiff on his claims for violation of the

DocuSign Envelope ID: EDD09A27-4172-4A38-8002-3105F3166B4E

Anticybersquating Consumer Protection Act; and

II. That judgment be entered in favor of the Plaintiff on his claims for violation of the Computer Fraud and Abuse Act; and

III. Enter an order declaring that Precision Telephone Services, Inc. is the only entity with any rights to the contract controlling the Defendant Domain name <roxi.com>; and

IV. Enter an order declaring that Defendant Doe does not have any rights to the Defendant Domain name <roxi.com>; and

V. Enter an order directing that the Defendant Domain name <roxi.com> be promptly transferred to the Plaintiff; and

VI. Enter an Order directing Verisign to promptly return control of the Defendant Domain name <roxi.com> to Precision Telephone Services, Inc. and the registrar as directed by counsel for the Plaintiff; and

VII. Award the Plaintiff his fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. § 1117(a); and

VIII. That the Court grant such other relief to the Plaintiff as the Court deems just and proper.

Dated: October 31, 2017

Respectfully submitted,

Precision Telephone Services, Inc.
By Counsel

Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

Stevan Lieberman, Esq.
(not admitted in Virginia)
Greenberg & Lieberman, LLC
1775 Eye Street NW, Suite 1150
Washington DC, 20006
202-625-7000
stevan@aplegal.com

Counsel to the Plaintiff

10

Verification

I, John M. Lee, President, Precision Telephone Services, Inc. declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the original owner of the Defendant Domain name listed above and the facts contained in the foregoing verified complaint are true and correct to the best of my knowledge, information and belief.

10/31/2017
_____
Date

_____
Precision Telephone Services, Inc.
By John M. Lee, President

11