UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| PRECISION TELEPHONE SERVICES, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:17-cv-1253 |
| JOHN DOE, et al., | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Entry of Default Judgment (Dkt. 11). After a representative for Defendants failed to respond to Plaintiff's Motion or to appear at the hearing on December 8, 2017, the undersigned U.S. Magistrate Judge took Plaintiff's Motion for Entry of Default Judgment (Dkt. 11) under advisement.[1]

I. INTRODUCTION

A. Background

On November 11, 2017, Precision Telephone Services, Inc., ("Plaintiff") filed this lawsuit against individual defendant John Doe ("Doe") and defendant domain name <roxi.com> ("Subject Domain Name") (collectively "Defendants"). Plaintiff alleges

---

1. The record before the Court includes the Complaint (Dkt. 1) ("Compl."), Plaintiff's Notice of Filing of Complaint (Dkt. 2) ("Notice Compl."); Plaintiff's Proof of Publication (Dkt. 7) ("Proof Publ'n"); Plaintiff's Affidavit of Publication (Dkt. 7-1) ("Aff. Publ'n"); Plaintiff's Motion for Entry of Default Judgment (Dkt. 11) ("Mot. Default J."), Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Entry of Default Judgment (Dkt. 12) ("Mem. Supp. Default J."), and all attachments and exhibits submitted with those filings.

1

that Doe hijacked Plaintiff's email account and transferred control of the Subject Domain Name from Plaintiff to Doe with the intent to gain the Subject Domain Name's advertising revenue for himself. (Compl. ¶¶ 23-29.) Plaintiff therefore brought suit against Defendants alleging violations of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, along with common law tort claims. (Id. ¶¶ 36-56.) Plaintiff now seeks default judgment against the Subject Domain Name in rem and an order directing that the Subject Domain Name be transferred to Plaintiff. (Mot. Default J. at 2.) Plaintiff further requests that the CFAA claims and the common law tort claims be dismissed without prejudice. (Id.) Therefore, this Report and Recommendation addresses only the relief requested pursuant to the ACPA claim.

### B. Jurisdiction and Venue

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action involves a federal question arising under the ACPA, which is a federal law relating to trademarks. (Compl. ¶ 1.)

This Court has in rem jurisdiction over the Subject Domain Name, pursuant to 15 U.S.C. § 1125(d)(2)(A), because Plaintiff has alleged violations of its trademark, Plaintiff cannot obtain in personam jurisdiction over defendant Doe, and the registry

2

for the Subject Domain Name, Verisign, Inc., is located in this district. (Compl. ¶¶ 6, 9, 20, 32.)

Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C), because the registry for the Subject Domain Name, Verisign, Inc., is located in this district. (Id. ¶ 9.)

### C. Service of Process

A plaintiff filing an in rem action under the ACPA must provide notice via service of process of the action to the registrant of the allegedly infringing domain name. 15 U.S.C. § 1125(d)(2)(A)-(B). When a plaintiff is not able to obtain in personam jurisdiction over a person who would have been a defendant in an ACPA action, then service of process is sufficient if the plaintiff sends notice of the alleged violation and intent to bring the action to the registrant of the domain name at the postal and email addresses to the domain name registrar and publishes notice of the action as a court may direct after filing the action. Id. § 1125(d)(2)(A)(ii), (B).

The undersigned concludes that Plaintiff cannot obtain in personam jurisdiction over Doe, the current registrant of the Subject Domain Name. Doe gained possession of the Subject Domain Name some time before October 8, 2017. (Compl. ¶ 7.) The information set forth on the WHOIS registry, a P.O. Box address in San Mateo, California, and an email address of privacy@dynadot.com, is incomplete and insufficient to identify

3

him. (Id. ¶ 7, Ex. A.) Doe is therefore outside the scope of in personam jurisdiction, and notice to Doe is sufficient if Plaintiff meets the aforementioned ACPA service of process requirements.

Plaintiff satisfied the ACPA service of process requirements through its attempts to contact Doe, who is currently in possession of the Subject Domain Name. On November 3, 2017, Plaintiff sent copies of the Complaint (Dkt. 1) and all exhibits to the postal delivery and email addresses provided on the WHOIS registry, the only available methods of communication with Doe. (Notice Compl. at 2.) On November 7, 2017, the Court entered an Order (Dkt. 6) granting Plaintiff's Motion for Leave to Serve Process by Email and Publication (Dkt. 3). On November 9, 2017, Plaintiff had The Washington Times publish a notice of this action, as ordered by the Court. (Proof Publ'n; Aff. Publ'n.) Therefore, Plaintiff sent notice of the alleged violation and intent to bring the action to Doe at the provided postal and email addresses, and Plaintiff published notice of the action as the Court directed, so service of process for Plaintiff's in rem ACPA action is deemed complete.

### D. Grounds for Default Judgment

To date, no party with an interest in the Subject Domain Name has appeared or otherwise participated in these proceedings. On November 9, 2017, The Washington Times published

4

a notice of this action, which informed parties with an interest in the Subject Domain Name of the need to respond in this case within twenty (20) days. (Aff. Publ'n.) No party responded on behalf of Doe or the Subject Domain Name by November 29, 2017, so Plaintiff filed its Request for Entry of Default (Dkt. 8), seeking an entry of default for Doe and the Subject Domain Name. On November 30, 2017, the Clerk of the Court issued the Entry Default (Dkt. 10) for Doe and the Subject Domain Name, and Plaintiff filed its Motion for Entry of Default Judgment (Dkt. 11) later that same day. The undersigned U.S. Magistrate Judge then held a hearing on Plaintiff's Motion for Entry of Default Judgment (Dkt. 11) on December 8, 2017, at which no representative for Doe or the Subject Domain Name appeared. Finding the matter uncontested, the undersigned took the matter under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings and the record in this case, the undersigned finds that Plaintiff has established the following facts.

Plaintiff Precision Telephone Services, Inc., is a Georgia corporation headquartered in Atlanta, Georgia. (Compl. ¶ 3.) Plaintiff is in the business of using domain names to turn internet traffic into monetary gain through the use of click traffic and resale. (Id. ¶ 18.) Defendant John Doe is an

5

individual whose true identity is unknown due to his use of a privacy service to conceal his identity. (Id. ¶ 4.)

Plaintiff obtained the Subject Domain Name, <roxi.com>, on March 7, 1999. (Id. ¶¶ 6, 17.) Since that time, Plaintiff had maintained registration of the Subject Domain Name and used the Subject Domain name in commerce. (Id. ¶¶ 6, 17, 20.) The Subject Domain Name is worth approximately $200,000.00. (Id. ¶ 19.) Plaintiff controlled the Subject Domain Name through its email account, <usadomainking@gmail.com>. (Id. ¶ 21.) Plaintiff's email system is maintained on a protected computer system, and access to the email account is restricted to only those with Plaintiff's username and password. (Id. ¶ 22.)

On October 8, 2017, Plaintiff discovered that its email account had been hijacked. (Id. ¶ 24.) Sometime before October 8, 2017, Doe, or someone acting on his behalf, gained unauthorized access to Plaintiff's email account and changed the domain name registration record for the Subject Domain Name, transferring control of the Subject Domain Name to Doe. (Id. ¶¶ 25-26, 29, Ex. A.) Through taking control of the Subject Domain Name, Doe intended to divert the substantial advertising revenue associated with the Subject Domain Name to himself and to resell the Subject Domain Name. (Id. ¶¶ 27-28.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

When a defendant has defaulted, the well-pleaded

6

allegations of facts set forth in the plaintiff's complaint are deemed admitted. JTH Tax, Inc. v. Grabert, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). Before entering default judgment, however, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate Plaintiff's ACPA claim in its Complaint (Dkt. 1) against the standards of Federal Rule of Civil Procedure 12(b)(6).

### A. Legal Standard

The ACPA allows the owner of a mark to file an *in rem* action against a domain name if the domain name violates the owner's trademark rights, and if the owner of the mark satisfies certain procedural provisions. 15 U.S.C. § 1125(d)(2)(A). The procedural provisions include establishing that the court lacks *in personam* jurisdiction over the defendants, or that the plaintiff has been unable to locate the defendants through due diligence. Id. § 1125(d)(2)(A)(ii). In an *in rem* action, the remedies are limited to forfeiture, cancellation, or transfer of the infringing domain name to the owner of the mark. Id. § 1125(d)(2)(D).

Thus, to be entitled to in rem relief, the owner of a mark must prove a violation of "any right of the owner of a mark" either registered in the Patent and Trademark Office or protected under subsections 1125(a) or (c). Id. § 1125(d)(2)(A). The phrase "any right of the owner of a mark" encompasses rights against cybersquatting provided for under Section 1125(d)(1). Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 228, 232 (4th Cir. 2002). Therefore, the owner of a mark can be entitled to in rem relief upon proving a violation of Section 1125(d)(1).

Plaintiff seeks relief for a violation of Section 1125(d)(1). Section 1125(d)(1) creates civil liability for registering, trafficking in, or using a domain name that is "identical or confusingly similar" to a plaintiff's mark, with a bad faith intent to profit from that mark. 15 U.S.C. § 1125(d)(1)(A). Thus, to establish such an ACPA violation, a plaintiff must prove: (1) the plaintiff's ownership of a valid and protectable mark; (2) the registrant's use of a domain name that is "identical or confusingly similar" to the plaintiff's mark; and (3) the registrant's bad faith intent to profit from the mark. See id.

### 1. *Plaintiff Possesses a Valid and Protectable Mark*

The undersigned finds that Plaintiff has sufficiently demonstrated protectable rights in the Subject Domain Name. The

ACPA protects both registered marks as well as unregistered common law marks. See 15 U.S.C. § 1125(a), (d)(2)(A)(i); B & J Enters., Ltd. v. Giordano, 329 F. App'x 411, 416 (4th Cir. 2009). Plaintiff acquired the Subject Domain Name, on March 7, 1999, and has maintained registration of the Subject Domain Name and used the Subject Domain name in commerce since the acquisition. (Compl. ¶¶ 6, 17, 20.) Plaintiff has consequently obtained common law rights in the mark. Therefore, Plaintiff is entitled to enforce the provisions of Section 1125(d) against any domain name that violates its rights in the protected mark.

### 2. Registrant Uses an Identical Domain Name

The undersigned finds that Plaintiff has sufficiently demonstrated that the Subject Domain Name is identical to the one in which Plaintiff possesses common law rights. Doe gained unauthorized access to Plaintiff's email account and altered the domain name registration record for the Subject Domain Name, transferring control of the Subject Domain Name away from Plaintiff. (Id. ¶¶ 25-26, Ex. A.) Therefore, Plaintiff has alleged sufficient facts to satisfy this requirement of the ACPA.

### 3. Registrant Has Acted with a Bad Faith Intent

Finally, the undersigned finds that Plaintiff has demonstrated Doe's bad faith intent to profit from Plaintiff's common law mark. Under the ACPA, bad faith intent may be shown

9

by weighing nine factors. 15 U.S.C. § 1125(d)(1)(B)(i). The factors are given to courts as a guide and need not be exhaustively considered in every case. Lamparello v. Falwell, 420 F.3d 309, 319-20 (4th Cir. 2005). In pertinent part, the factors relevant to a finding of bad faith include: a defendant's lack of intellectual property rights in the domain name; a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark; a defendant's provision of false contact information when applying for registration of the domain name, or the defendant's intentional failure to maintain accurate contact information; and a defendant's intent to transfer, sell, or otherwise assign the domain name for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or servers. 15 U.S.C. §§ 1125(d)(1)(B)(i)(I), (V)-(VII).

Based on these factors, the undersigned finds that Defendants have acted with bad faith intent to profit from Plaintiff's mark in violation of the ACPA. Doe has no intellectual property rights in the Subject Domain Name, as the Subject Domain Name was used solely by Plaintiff since its acquisition in 1999 until the date its control was transferred to Doe. (Compl. ¶¶ 6, 17.) Doe took control of the Subject Domain Name with the intent to divert the substantial

advertising revenue associated with the Subject Domain Name to himself and to resell the Subject Domain Name. (Id. ¶¶ 27-28; Mem. Supp. Default J. at 3-4.) Doe also altered the information in the domain name registration record for the Subject Domain Name to supply contact information that was not Plaintiff's. (Id. ¶¶ 25-26, Ex. A.) The factors as applied to the aforementioned facts demonstrate Doe's bad faith intent to profit from Plaintiff's protected mark.

### B. Conclusion

Because the remaining procedural provisions of 15 U.S.C. § 1125(d) have been satisfied, the Court may order the forfeiture or cancellation of the Subject Domain Name or the transfer of the Subject Domain Name to Plaintiff. 15 U.S.C. § 1125(d)(1)(C), (2)(D)(i).

### IV. REQUESTED RELIEF

Plaintiff seeks an injunction under 15 U.S.C. § 1125(d) ordering that the domain name registry Verisign, Inc., or some registry with control over the Subject Domain Name, transfer ownership of the Subject Domain Name <roxi.com> to Plaintiff.

### V. RECOMMENDATION

For the reasons outlined above, the undersigned U.S. Magistrate Judge recommends that default judgment be entered in favor of Plaintiff with respect to the Subject Domain Name for violations of the Anti-Cybersquatting Consumer Protection Act,

15 U.S.C. § 1125(d). The undersigned also recommends that Verisign, Inc., be required to transfer ownership of the Subject Domain Name to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C). To that end, the undersigned recommends that the U.S. District Judge enter an order containing language similar to the language requested by Plaintiff in its Motion for Entry of Default Judgment (Dkt. 11). The undersigned further recommends that Plaintiff's other claims asserted in the Complaint (Dkt. 1), including those claims pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and claims of common law torts, be dismissed without prejudice.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

December 18th, 2017
Alexandria, Virginia